IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARON GEIGER, | ) | Case No. 4:06cv3055 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | PROTECTIVE ORDER |
| JAMES L. COX, JR., an individual, and ROSSI, COX & VUCINOVICH, P.C., successor in interest to ROSSI, COX, KIKER & INDERWISH, P.C., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on the parties Stipulated Motion for Protective Order (filing no. 19) relating to the documents and tangible things contained in the case file maintained by the Defendants in Plaintiff's underlying case against the Union Pacific Railroad Company. This Court being advised of the premises finds that the following Protective Order is appropriate.

IT IS THEREFORE ORDERED as follows:

1. The Defendants shall produce to Geiger's counsel an electronic copy of the documents and tangible things contained in the file maintained by the Defendants in the underlying case (Defendant's Bates Numbers COJ000001 through COJ000147; COJ000149 through COJ000218; COJ000220 through COJ000748; COJ000751 through COJ004811). The Defendants shall also produce a log describing those documents omitted from production and the reasons therefor.

2. No documents or tangible thing contained in the case file maintained by the Defendants in the Underlying Case, or any copy, extract or summary thereof may be revealed, used, or retained by any person or entity except, Geiger, Geiger's counsel, their staff and paralegals, any other persons hired,

retained, contracted with, or employed by Geiger to act on his behalf during the course of this action, and the Court, except as hereinafter provided, until further order of this Court.

3. Those materials produced to Geiger in connection with this Protective Order may be used and examined only for purposes of the pending litigation and in no event may any of the information, documents or materials subject to this Protective Order be used after this case for matters or reasons not related to or arising out of the pending litigation.

4. Defendants' production of the foregoing materials subject to this Protective Order shall not be deemed a waiver of any objection to or acquiescence to the admission of such information at the time trial.

5. Three years after the conclusion of the above-captioned case, any and all additional copies of the materials received pursuant to this Protective Order shall be destroyed or returned to Defendants' counsel unless otherwise ordered by the Court.

6. This protective order shall not terminate upon conclusion of the above captioned action, but shall continue until further order of the Court or until the Defendants' have waived its terms in writing.

7. The Court may impose sanctions with respect to any party or parties attorney or other individual who improperly grants access or use of the material designated or produced pursuant to this Protective Order. Any person or entity whether or not a party violating this protective order may be punished for contempt of Court.

Dated this 17th day of August, 2006.

BY THE COURT

s/ *David L. Piester*
David L. Piester

                    United States Magistrate Judge

APPROVED AS TO FORM AND CONTENT

By:    CLINE, WILLIAMS, WRIGHT,
         JOHNSON & OLDFATHER, L.L.P.
       Attorneys at Law
       1900 U.S. Bank Building
       233 South 13th Street
       Lincoln, NE 68508-2095
       (402) 474-6900

By:    /s/ Stanton N. Beeder
       Fredric H. Kauffman - #12149
       Stanton N. Beeder - #22866

By:    PAHLKE, SMITH, SNYDER,
         PETITT & EUBANKS
       1904 First Avenue
       Post Office Box 1204
       Scottsbluff, NE 68363-1204
       (308) 635-3161

By:    /s/ Kyle J. Long
       Robert G. Pahlke - #13201
       Kyle J. Long - #22683