IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ARON GEIGER,                          )
                                      )
                 Plaintiff,           )          4:06CV3055
                                      )
         v.                           )
                                      )
JAMES L. COX JR., an                  )        MEMORANDUM AND ORDER
individual, and ROSSI, COX &          )
VUCINOVICH, P.C., successor           )
in interest to ROSSI, COX,            )
KIKER & INDERWISH, P.C.,              )
                                      )
                 Defendants.          )
_____

        Nonparty Union Pacific Railroad Company ("UP") has filed a
motion to quash or modify a subpoena served upon it by plaintiff.
The subpoena seeks entry and inspection of the UP's Bailey Yard
in North Platte, Nebraska by the plaintiff, his attorney, and his
expert witness, Dr. Michael Shinnick, to allow "inspection,
surveillance, recording [including pictures and video] and
measurement" of similar rail cars to that involved in the
accident giving rise to the plaintiff's earlier FELA claim
against UP, and the pulling of "cut lever pins" of such cars both
on and off the "hump" at the Bailey Yard.

        UP argues that compliance with the subpoena would cause
serious safety concerns to plaintiff, his attorney, Dr. Shinnick,
and UP employees; would interfere with UP's business operations
possibly causing delays in the movement of trains; and would
interfere with UP's labor contract with the United Transportation
Union. Filing 53. Plaintiff argues that Dr. Shinnick could
quickly train a UP employee to use his handheld "dynamometer"
device to measure force associated with operating a cut lever
pin, thus obviating the necessity of non-UP, non-union "work,"
and that such use would not cause safety risks and would not

interfere with UP's operations.  Plaintiff argues that such
measurements are necessary to rebut the anticipated use of the
report of UP's expert in the FELA case, George Page.  Filing 64
at 3.  UP replies that a subpoena to a non-party does not require
the non-party to perform "work" for the party serving the
subpoena, and further, Dr. Shinnick acknowledges that Mr. Page's
opinions were based on information not acquired from cars on the
"hump."  Filing 68 at 2, citing paragraph 9 of Dr. Shinnick's
affidavit,  Filing 65-2. ("9. That switching railcars over a hump
present [sic] additional forces that are unaccounted for in
previous report prepared for the Union Pacific Railroad by its
expert George Page in the original FELA action that underlies
this matter.").  Filing 68 at 2-3.

     Fed. R. Civ. P. 45 provides for the issuance of subpoenas on
non-parties for obtaining evidence and testimony.  Rule
45(c)(3)(A)(iv) provides that the court may quash a subpoena that
"subjects a person to undue burden."  Rule 45(c)(1) requires the
party serving a subpoena to "take reasonable steps to avoid
imposing undue burden or expense on a person subject to that
subpoena" and directs the court to enforce that obligation.  Rule
45(c)(2)(B) requires that if the court compels the production or
inspection sought by the subpoena, the court's order must
"protect any person who is not a party or an officer of a party
from significant expense resulting from the
inspection...commanded."

     UP has filed evidence which seeks to establish that the
requested inspection and testing would be disruptive of its
operations and would raise safety risks, in addition to violating
its labor agreement obligations.  The last reason is not
sufficient to prevent discovery, as the evidence does not

establish either the specific cost or burden to UP if the
agreement were violated, and even if such a cost might be
incurred, it might be insufficient to bar discovery of critical
information, even from a nonparty.  The evidence is weak on the
safety issue, in that other than saying a safety risk would
arise, there is no specific identification of the risk, nor how
it would arise, nor its severity, nor of any steps (short of
weeks of safety training) that could be taken to lessen or
eliminate it.  There is no intent to lessen or depreciate the
railroad's concern for safety, as obviously such a concern must
be paramount in its operations and rules; the lack of
specificity, however, weakens the UP's position.  The evidence on
business disruption is stronger and more specific, even though it
goes principally to efficiency of operations and accompanying
expense.

     Plaintiff's evidence is also weak.  Other than saying the
UP's evidence just isn't true, the plaintiff has presented no
specific information.  In addition, plaintiff has not
demonstrated why it is necessary for his expert to test the
forces necessary in pulling "cut lever pins" in the first place,
but assuming that would lead to admissible evidence on
defendant's representation of the plaintiff, why testing is
particularly necessary on railcars in the "hump" area, and why
pulling such pins in the maintenance area on nonmoving cars would
not suffice.

     Under these circumstances, and also in view of the UP's
status as a nonparty, I conclude that the evidence tips in favor
of UP, in that the business disruption has been shown to be
significant, even if its evidence on the other matters is weak.
The "snowball" effect of train delays into and out of the UP's

3

Bailey Yard has been shown to be great and would, if the
inspection is permitted, cause the UP "undue burden."  Plaintiff
will be restricted to the maintenance yard railcars in accordance
with UP's offer of compromise in the matter.


        IT THEREFORE HEREBY IS ORDERED,

        The motion to quash or modify, filing 52, is granted, and
the subpoena is modified to limit plaintiff's inspection and
testing to stationary railcars at the Union Pacific Maintenance
Facility in North Platte, Nebraska.


        DATED this 6th day of December, 2006.



                        BY THE COURT:

                        s/ *David L. Piester*
                        David L. Piester
                        United States Magistrate Judge