IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARON GEIGER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3055 |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES L. COX JR., an | ) | MEMORANDUM AND ORDER |
| individual, and ROSSI, COX & | ) | |
| VUCINOVICH, P.C., successor | ) | |
| in interest to ROSSI, COX, | ) | |
| KIKER & INDERWISH, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

Defendants have filed a motion for protective order directing plaintiff's counsel to withdraw a subpoena duces tecum directed to Citywide Banks, Aurora, Colorado to produce various documents. Defendants claim the requested production would be burdensome and would require production of irrelevant documents not likely to lead to the production of admissible evidence. There are a number of procedural problems with the motion.

First, this court may not have jurisdiction to decide it. <u>Fed. R. Civ. P.</u> 26(c) provides that "a party or...the person from whom discovery is sought" may file a motion for a protective order, and such an order may be issued, in the case of a deposition, by the "court in the district where the deposition is to be taken." The production of documents by a non-party, formerly allowed only by "deposition," is now governed by <u>Fed. R. Civ. P.</u> 45(c). Rule 45(c)(2)(A) allows the production of the requested documents without the convening of a formal deposition, or even the personal appearance of the person served with the subpoena. Rule 45(c)(2)(B) allows "a person commanded to produce

and permit inspection and copying" to object to the inspection and copying, whereupon the obligation to comply with the subpoena is suspended until the serving party obtains an order to compel the inspection or production.  Rule 45(c)(1) requires that a party must reasonably protect the person subject to a subpoena from "undue burden or expense," and requires "the court on behalf of which the subpoena was issued" to "enforce" that obligation. Rule 45(c)(3)(A) provides that "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it...(iv) subjects a person to undue burden."

In this instance nothing filed in this court indicates that Citywide Banks has been served with a copy of the motion nor that the court which issued the subpoena, the United States District Court for the District of Colorado, has "remitted" the matter to this court, nor that the parties and Citywide Banks have stipulated that this court may decide the motion.  Although frequently the parties do stipulate that such motions may be decided by the court in the district in which the action is pending, when the discovery dispute involves a third person in another district--over which this court has no personal jurisdiction--this court is powerless to compel that third person to comply with its orders.  In some cases the foreign third person served with a subpoena subjects itself to the jurisdiction of the court in which the action is pending by itself moving in that court for a protective order; however, that has not happened here, as the Bank's "Objection" was filed in the District of Colorado, filing 59-2, p. 24, and no further action has been taken by it.

For all of these reasons,

IT THEREFORE HEREBY IS ORDERED,

The motion for protective order, filing 57, is denied, without prejudice to its refiling upon a showing that this court has jurisdiction over the matter.

DATED December 14, 2006.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge